

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No.: 24-00146 |
| | Chapter 13 |
| CHRISTOPHER JOHN MANN, | |
| Debtor. | Related: ECF 139 |

### MEMORANDUM DECISION REGARDING
### DEBTOR'S MOTION TO APPROVE SALE

Debtor Christopher John Mann's Motion to Approve Sale came on for hearing on February 24, 2026. Donald L. Spafford, Jr. Esq. appeared for the debtor, Dennis W. King, Esq. appeared for creditor Milagros Rivera. Trustee Nima Ghazvini also appeared. The matter was taken under advisement.

1

I.     DISCUSSION

When Christopher John Mann filed his chapter 13 petition, he scheduled an ownership interest in a Las Vegas condominium. His sworn schedules say that he owned the condominium as a "joint tenant" with a non-debtor. He did not check the box to claim that the condominium was community property. ECF 1 at 12. He disclosed that Milagros Rivera had a judgment lien against the condominium to secure a claim of $188,724.60 that he incurred in August 2023. ECF 1 at 20.

Ms. Rivera's claims against Mr. Mann arise out of a settlement agreement that they made when they were divorced in 1985. Mr. Mann agreed that Ms. Rivera was entitled to a portion of his military pension. Claim 6-1 at 80-81, 93-94. But Mr. Mann paid only a fraction of that share. Id. at 96. Ms. Rivera sued Mr. Mann in Hawaii state court and recovered a judgment against Mr. Mann (but not his wife) for $151,552.95 in 2021. ECF 55, Claim 6-1 at 118.

Ms. Rivera then domesticated her judgment in Nevada and successfully sued to avoid two conveyances of the Las Vegas

condominium. This restored ownership in Mr. Mann and his current wife as joint tenants.

Ms. Rivera filed proofs of claim in this bankruptcy case. After the court decided Mr. Mann's objections to those claims, Ms. Rivera was left with a secured claim against Mr. Mann's half interest in the Las Vegas condominium based on the judgment, in an amount equal to the value of that interest. Claim 6-2 and ECF 89.

The litigation between Mr. Mann and Ms. Rivera continued in the bankruptcy case. Eventually, the court confirmed a chapter 13 plan that required Mr. Mann and his wife to file a motion by September 1, 2025, for authority to sell the Las Vegas condominium. The plan also provides that Ms. Rivera's secured claim would be paid "from the debtor's share of net sale proceeds." ECF 109 at 2. Nothing in the plan or any order of this court required Mrs. Mann to use any of her share of the net proceeds to pay Ms. Rivera or any other separate debt of Mr. Mann.

Mr. Mann's failure to sell the Las Vegas condominium timely led to further litigation. Eventually, Mr. Mann found a buyer and filed a motion

3

to sell the property. ECF 139. But the sale price was less than Mr. Mann or Ms. Rivera had hoped for, so Mr. Mann's share of the net sale proceeds will not be sufficient to pay off Ms. Rivera's secured claim.

At the hearing on the motion, Ms. Rivera objected to the sale. ECF 147. She said she would not agree to the sale unless her claims were paid in full. She suggested that the chapter 13 trustee's fees could be paid out of Mrs. Mann's share of the proceeds. Mr. Mann's attorney argued that Mrs. Mann's share of the proceeds could not be used to pay Mr. Mann's debts or the expenses of his bankruptcy case.[1]

Ms. Rivera's situation is sympathetic because there is no doubt that, for many years, Mr. Mann has mistreated his ex-wife. But, as Ms. Rivera's attorney conceded at the hearing, there is no legal basis to require Mrs. Mann to pay separate debts that Mr. Mann owes to his ex-wife.

The court can authorize a sale of the Las Vegas condominium even though Ms. Rivera does not consent. Property can be sold in bankruptcy

---

[1] Mr. Mann's counsel asserted at the hearing that the Las Vegas property is community property. This is inconsistent with Mr. Mann's schedules and prior statements in the case. But the difference between community and joint property is not relevant because, in either case, Mrs. Mann's interest is not subject to Mr. Mann's separate debts.

4

free and clear of an interest if the holder of such interest "could be compelled, in a legal or equitable proceeding to accept a money satisfaction of that interest." 11 U.S.C. § 363(f)(5). The holder of a judgment lien can be compelled to accept a money payout in a foreclosure proceeding commenced by a senior lienholder.

Ms. Rivera also argues that the price is too low. The sale price is $225,000, while Mr. Mann recently obtained a broker's opinion that the condominium is worth $245,000. It is undisputed, however, that the condominium has been on the market for many months, that Ms. Rivera has consistently argued (until now) that Mr. Mann should reduce the list price, and no other viable offer has been made. There is no request for an evidentiary presentation and no plausible basis on which to conclude that the price is too low.

## II. CONCLUSION

Therefore, I will grant the motion. The proceeds of sale shall be disbursed as set forth in the confirmed plan and the chapter 13 trustee's fees shall be calculated based on amounts disbursed in Mr. Mann's case.

U.S. Bankruptcy Court - Hawaii   #24-00146   Dkt # 150   Filed 02/26/26   Page 5 of 6

Mr. Mann's counsel shall draft a proposed order and circulate it for approval as to form in the usual manner.

**END OF ORDER**